# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARRY TISBY, JR,**

    **Plaintiff,**

    v.                                  Case No. 14-CV-1315

**KAREN BUTLER, DR. HAMMOND,
and SGT. J. SCHROEDER,**

    **Defendants.**

## SCREENING ORDER

Plaintiff, Barry Tisby, Jr., who is confined at the Kenosha County Jail, filed this pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He filed an amended complaint on November 18, 2014.[1] This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed an initial partial filing fee of $65.68 and paid an initial partial filing fee of $68.64.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

---

[1] The amended complaint was filed as a separate case, Tisby v. Butler, Case No. 14-CV-1453-LA (E.D.Wis.). However, it presents the same claim as the original complaint in this case and adds one defendant. I will therefore treat the pleading as an amended complaint and dismiss Case No. 14-CV-1453. The $65.68 initial partial filing fee received in 14-CV-1453 will be transferred to this case and applied toward payment of the remainder of the filing fee.

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

2

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is confined at the Kenosha County Jail and he was previously confined at the Kenosha County Detention Center (KCDC). According to the amended complaint, prior to his confinement he was under care at the VA Hospital for his diagnosed bipolar disorder, mood disorder, PTSD, chronic lower back pain, and severe headaches. Plaintiff alleges that he has not received adequate medical care since his confinement with Kenosha County including his prescribed medication. He further alleges that he was told that Health

Services Unit staff lacked funding for his medications. According to plaintiff, the medication he did receive caused him pain and/or did not work well.

Plaintiff claims that defendants violated his constitutional rights by failing to treat his medical conditions. He seeks monetary damages based on their alleged interference with prescribed treatment and failure to provide treatment.

The amended complaint allegations implicate plaintiff's constitutional rights. He may proceed on a deliberate indifference to a serious medical need claim.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint filed in Case Number 14-CV-1453 be filed as the amended complaint in this action.

**IT IS FURTHER ORDERED** that the initial partial filing fee paid in Case Number 14-CV-1453 ($65.68) be credited toward the payment of the filing fee in this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because <u>in forma pauperis</u> plaintiffs are indigent, it has

not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from plaintiff's prison trust account the $215.68 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case

filing system. The plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of January 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge